NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RODNEY CLARK SUTTON, *Appellant.*

No. 1 CA-CR 13-0796
FILED 07-31-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-106219-001
The Honorable Steven P. Lynch, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maurice Portley and Judge Andrew W. Gould joined.

---

**W I N T H R O P**, Presiding Judge:

¶1        Rodney Clark Sutton ("Appellant") appeals his conviction and sentence for attempt to commit acquisition or administration of narcotic drugs.  Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record on appeal and found no question of law that is not frivolous.  Appellant's counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error).  Additionally, this court allowed Appellant to file a supplemental brief *in propria persona*, but he has not done so.

¶2        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (West 2014),[1] 13-4031, and 13-4033(A).  Finding no reversible error, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY[2]

¶3        On March 21, 2012, the State charged Appellant with one count of attempt to commit acquisition or administration of a narcotic drug (oxycodone), a class four felony, in violation of A.R.S. §§ 13-1001 and 13-3408.  The State further alleged that Appellant had three historical prior felony convictions.

---

[1]        We cite the current Westlaw version of the applicable statutes because no revisions material to this decision have since occurred.

[2]        We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

¶4　　　　Appellant did not appear for his scheduled trial.  At trial, the State presented the following evidence:  At 7:15 p.m. on January 28, 2012, Appellant entered a drugstore in Tempe and handed the pharmacist a prescription.  The pharmacist questioned the legitimacy of the prescription and asked Appellant for his identification, which he provided.  Shortly after, the pharmacist contacted the doctor whose name appeared on the prescription.

¶5　　　　The doctor confirmed he did not write the prescription presented to the pharmacist by Appellant.  At trial, the doctor testified he had never seen or treated Appellant at his practice.  The doctor also testified the prescription was a forgery for several reasons, including that the name of his practice was misspelled, the prescription contained an incorrect address for his practice, the prescription was inconsistent with the typical way he would prescribe oxycodone, and the signature did not match his own.

¶6　　　　After confirming the prescription was not written by the doctor, the pharmacist contacted the police, providing them with a description of Appellant.  The police asked the pharmacist to watch Appellant while they sent an officer.  Appellant stayed inside the drugstore for "quite awhile" before leaving.

¶7　　　　Officer Guzman was one of two officers who responded to the call, and he initially waited outside the drugstore for another officer to arrive.  While waiting for backup, Officer Guzman saw Appellant leave the store, noticed Appellant matched the description provided by the pharmacist, and detained him.[3]  The other officer soon arrived.

¶8　　　　After detaining Appellant outside the drugstore, Officer Guzman left Appellant with the other officer, and went inside to speak with the pharmacist and retrieve the questioned prescription.  Officer Guzman returned outside to read Appellant his rights pursuant to *Miranda*[4] and interview him.

¶9　　　　Appellant told Officer Guzman that he was asked to fill a prescription by a man named Mark, who Appellant met at a restaurant.  Mark told Appellant if he filled a prescription for ninety oxycodone pills,

---

[3]　　　At trial, Officer Guzman identified Appellant as the man he detained outside the drugstore based on pictures shown at trial.

[4]　　　*See Miranda v. Arizona*, 384 U.S. 436 (1966).

3

he would receive ten pills as payment. Appellant admitted to Officer Guzman that he knew the prescription was fraudulent because it was blank initially, and Mark filled it out with Appellant's name on it in front of Appellant.

**¶10** The jury found Appellant guilty as charged. At sentencing, Appellant admitted having two historical prior felony convictions. The trial court sentenced Appellant to a mitigated term of 7.5 years' imprisonment in the Arizona Department of Corrections, with credit for ninety days of pre-sentence incarceration. Appellant filed a timely notice of appeal.

## II. ANALYSIS

**¶11** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdict, and the sentence was within the statutory limits. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶12** After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## III. CONCLUSION

**¶13** Appellant's conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh