NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEPHEN VINCENT MAYVILLE, *Appellant.*

No. 1 CA-CR 13-0334
FILED 08-28-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-123191-001
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Margaret M. Green
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Andrew W. Gould joined.

**P O R T L E Y**, Judge:

¶1 Defendant Stephen Vincent Mayville has filed an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). His lawyer has advised us that she has searched the entire record, but has been unable to discover any arguable questions of law, and has filed a brief requesting that we conduct an *Anders* review of the record. The brief also notes that Mayville requests that we review the record for factual disparity.

## FACTS[1]

¶2 After a long day working and taking time to relax, which included smoking marijuana, Mayville rode his bicycle to a bar, had a couple of beers, and was riding home just past midnight on May 3, 2012. Because his bicycle did not have a visible head light, he was stopped by police in the driveway of his apartment complex. The police thought Mayville was intoxicated and asked him what was in his waistband. According to the police, he pulled his knife out from the sheath, held it in a threatening manner, and only dropped it when one officer pulled his revolver. Mayville was arrested and searched, and the officers found marijuana and a marijuana pipe in his pocket.

¶3 Mayville was indicted for aggravated assault with a dangerous weapon, a class 2 felony, possession of marijuana and possession of drug paraphernalia, both class 6 felonies. He entered a plea of not guilty and went to trial. After the State rested, Mayville testified on his own behalf. He testified that after he was stopped, the officer asked him "if there was anything that he should be aware of or he needed to know about" and Mayville told him about the knife in the waistband of his pants.

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

He testified that he pulled the knife in the sheath out and handed it to the officer, who placed it on the trunk of the patrol car. When asked on direct examination whether he "at any point, h[eld] the knife or the sheathed knife over your head in the fashion that was described by the police," he replied "[n]ot to my recollection, sir," and later denied making any threat. He, however, admitted that he knew he possessed marijuana and the pipe. He also admitted that he had two prior felony DUI convictions.

¶4        The jury was instructed and the lawyers gave their closing arguments. The jury subsequently found Mayville not guilty of aggravated assault but guilty of disorderly conduct, a class 6 felony, as a lesser-included offense. He was also found guilty of the two drug charges. Mayville was subsequently sentenced to concurrent three years in prison on each count and given credit for 113 days of presentence incarceration.

¶5        Christopher Johns of the Office of the Public Defender filed a successful petition for post-conviction relief on Mayville's behalf seeking the opportunity to file a delayed appeal because his trial lawyer had not filed a notice of appeal. We have jurisdiction over his appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (West 2013).

## DISCUSSION

### I

¶6        In the appellate brief, Mayville suggests that the officers mistook him for his father and lied about it at trial. We will address the issue.

¶7        Mayville testified that he and his father have the same first and last name, but different middle names. He also testified that his father is a biker with a criminal history and thought the matter had escalated once the police discovered his father's criminal background. Although he suggested the police thought he was his father and that accounts for their version of the events, there was no other evidence in the record to support his supposition. Both officers testified that they did not know Mayville before the encounter and neither was asked whether they knew his father, knew about his father, or learned anything about his father that evening when they were checking Mayville's identification.

¶8            Although Mayville contends the officers committed perjury, the jury had to decide the facts, including the credibility of the witnesses based on the direct examination, cross-examination and re-direct examination of the witnesses. *See State v. Roberts*, 139 Ariz. 117, 121, 677 P.2d 280, 284 (App. 1983). In fact, the jury was instructed that they had to decide the facts of the case from the evidence produced in court and they had to determine the credibility of the witnesses. Moreover, the jury was instructed about the elements of each offense, including the lesser-included offense of disorderly conduct. After considering all the evidence, the jury determined that the State had not proven the aggravated assault beyond a reasonable doubt, but found the State had proven that Mayville was guilty of the lesser offense of disorderly conduct, as well as the drug offenses.

¶9            Mayville's argument also suggests that the jury should have believed his version of the facts and also acquitted him of disorderly conduct. But, the jury had to decide credibility. The jury had to evaluate whether they thought each witness was truthful, in whole or part; whether any witness had a bias; and any information that would impact the perception and memory of a witness to the particular event. *Roberts*, 139 Ariz. at 121, 677 P.2d at 284. Although Mayville claims he was only charged with aggravated assault because of his father's criminal history, the jury evaluated all the evidence presented to them, determined the facts, and agreed on the verdict. We find no reversible error.

## II

¶10           We have also searched the entire record for reversible error. We find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Mayville was represented by counsel at all stages of the proceedings. And, his sentences were within the statutory limits.

¶11           After this decision is filed, counsel's obligation in this appeal has ended. Counsel must only inform Mayville of the status of the appeal and Mayville's future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Mayville may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

## CONCLUSION

¶12        Accordingly, we affirm Mayville's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: gsh