NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERIC JOSE BARRIOS, *Appellant*.

No. 1 CA-CR 15-0031
FILED 6-11-2015

Appeal from the Superior Court in Maricopa County
No.  CR2014-120192-001
The Honorable Virginia L. Richter, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Nicole Marie Abarca
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Jon W. Thompson joined.

**J O N E S**, Judge:

**¶1**         Eric Barrios appeals his conviction and sentence for one count of forgery. After searching the entire record, Barrios' defense counsel has identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Barrios was afforded the opportunity to file a supplemental brief *in propria persona*, which he elected to do. After reviewing the record, we find no error. Accordingly, Barrios' conviction and sentence is affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**         Barrios was charged with one count of forgery based on an event that occurred on April 29, 2014. Under Arizona law, "[a] person commits forgery if, with intent to defraud, the person: . . . [o]ffers or presents, whether accepted or not, a forged instrument or one that contains false information." Ariz. Rev. Stat. (A.R.S.) § 13-2002(A).[2]

**¶3**         At trial, the State presented the following information: On April 29, 2014, Barrios and a woman, later identified as Martha, entered Chase Bank seeking to negotiate a check from Driggs Title Agency in the amount of $3,258.38 and made payable to "Eric Barrios." Martha did not remove her sunglasses inside the building, and the teller found Barrios to be "incredibly conversational," prompting her to pull the account holder's information. After observing that the signature on the check did not match

---

[1]     "We view the evidence and all reasonable inferences therefrom in the light most favorable to sustaining the jury's verdicts." *State v. Miles*, 211 Ariz. 475, 476, ¶ 2 (App. 2005) (citing *State v. Riley*, 196 Ariz. 40, 42, ¶ 2 (App. 1999)).

[2]     Absent material revisions from the relevant date, we cite a statute's current version.

the signature card for the account, the teller asked Barrios and Martha to sit down. A representative of the account holder confirmed the check was not legitimate; the check was purportedly signed by Adam Driggs, a person who did not normally write checks for the company, the signature was not authentic, the check number had already been used by the company in July 2012, and there was no information in the "memo" line as required pursuant to the company's accounting practices.

¶4        The account holder asked the teller to call the police. When officers arrived a few minutes later, Martha had left the bank. An officer immediately placed Barrios in handcuffs, and before he could ask any questions, Barrios stated, "I guess there's a problem with the check."

¶5        After receiving warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436, 467-68 (1966), and agreeing to answer questions, Barrios stated he had received the check from a man named Luis, who offered to split the funds with Barrios if he would cash the check. Barrios admitted the situation seemed suspicious, agreed to go forward with it anyway, and ultimately admitted to the officer, "If anything happened, I knew it would come down on me." Barrios did not identify Luis at the scene or provide a last name or address. No one at the bank saw a man with Barrios, and neither Luis nor Martha were located. Barrios did not explain to the officer why Luis was willing to give him half of the funds, why the check was made payable to Barrios, why Luis signed the check as "Adam Driggs," or how Luis had obtained the check in the first place. The account holder testified she did not know Barrios and had never issued a check to anyone with his name.

¶6        At the close of the State's evidence, Barrios' counsel moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20, arguing the State had failed to present sufficient evidence to prove any intent to defraud. The trial court denied Barrios' motion.

¶7        Barrios testified in his defense, describing himself as "a victim of forgery and intent to defraud." Barrios explained he was approached in a Home Depot parking lot by an acquaintance, Martha. Martha told him she was going to be paid by a man, Luis, for some work she had done for him and asked Barrios to cash the check for her because she did not have a bank account. Barrios confirmed he would receive half of the funds for his "good deed." Barrios drove Martha to an apartment complex nearby to pick up Luis. On the way to the bank, Luis, who told Barrios he was a co-signer on the account, retrieved a check from a book of checks and wrote it out to Barrios in the backseat of the car. Barrios and Martha went into the

bank while Luis waited outside. Barrios signed the back of the check and presented it to the teller but testified he believed Luis had authority to write the check and denied any intent to defraud either the bank or the account holder.

¶8        The jury found Barrios guilty of forgery, and he was sentenced to a two-year term of supervised probation. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶9        Within his supplemental brief, Barrios renews his argument that the State did not present sufficient evidence to support a finding that he had an intent to defraud. We disagree. Barrios did not dispute that he attempted to negotiate a forged check at Chase Bank. And it can reasonably be inferred that Barrios entered the bank aware of the situation and intending to defraud the account holder and bank considering the strange circumstances surrounding the actual writing of the check: Barrios' nervous conversation with the teller, his statements to the police indicating he knew there might be something wrong and that responsibility would ultimately fall to him, and the fact that he would receive approximately $1,600 in exchange for the relatively simple task of cashing a check.

¶10        Barrios also argues he is not guilty "because nothing has been stolen." However, Barrios was not charged with theft, and a person may be adjudged guilty of forgery simply by offering or presenting a forged instrument "whether accepted or not." A.R.S. § 13-2002(A)(3).

¶11        Finally, Barrios argues his conviction was in error because no testimony was presented from the detective or security guard to support Barrios' defense that he was a victim. To the extent Barrios believed such testimony would have been helpful to his defense, he had the right, ability, and opportunity to secure and present it. *See State v. Sanchez-Equina*, 235 Ariz. 54, 57, ¶ 8 (App. 2014) ("A criminal defendant has a Sixth Amendment right to 'present his own witnesses to establish a defense.'") (quoting *Washington v. Texas*, 388 U.S. 14, 18-19 (1967)). Barrios' failure to fully present his own defenses at trial cannot be deemed a basis to set aside his conviction.

¶12        Having reviewed the entire record for reversible error, we find none. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Barrios was represented by counsel at all stages of

the proceedings and was present at all critical stages.  The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct.  *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a).  At sentencing, Barrios was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing sentence.  Additionally, the sentence imposed was within the statutory limits.

**CONCLUSION**

**¶13**        Barrios' conviction and sentence are affirmed.  After the filing of this decision, defense counsel's obligations pertaining to Barrios' representation in this appeal have ended.  Defense counsel need do no more than inform Barrios of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶14**        Barrios has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  *See* Ariz. R. Crim. P. 31.19(a).  Upon the Court's own motion, we also grant Barrios thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: ama