451 P.2d 878

**STATE of Arizona, Appellee,**

**v.**

**Mike Alvarado LEON, Appellant.**

**No. 1934.**

Supreme Court of Arizona.

In Banc.

March 14, 1969.

298

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ronald W. Sommer, Tucson, for appellant.

HAYS, Justice.

The defendant, Mike Alvarado Leon, was tried and convicted of the crime of robbery in violation of A.R.S. § 13–641 and sentenced to serve a term in the Arizona State Prison of not less than five nor more than eight years. From this judgment and sentence he appeals.

On appeal Ronald W. Sommer was appointed by the court as attorney for the defendant. He filed a motion for permission to withdraw as counsel in which he stated that he had interviewed the appellant, conscientiously searched the record, and could find no reversible or prejudicial error in this case. In compliance with Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel filed a brief referring to "anything in the record which might arguably support the appeal." In addition, counsel presents a question as to the proper procedure to be followed when court appointed counsel has searched the record but is unable to find points upon which to predicate error.

In compliance with Anders v. State of California, supra, defendant was notified of his counsel's position and a copy of his motion and brief was furnished the defendant.

On August 10, 1968, the defendant entered a Circle K Market located in Pima County, Arizona. He purchased cigarettes and left, stating he would return to pick up a six-pack of beer.

A short time later defendant re-entered the market and said "give me the money." When the clerk asked that defendant repeat his request he put his hand on his hip and started drawing out and unfolding an instrument that looked like a knife. The clerk became frightened and placed some money on the counter. Defendant picked up the money and placed it in a paper sack with the beer.

As defendant walked out the door he passed a police officer. Upon being in-

formed of the robbery the officer returned the defendant to the market and subsequently placed him under arrest. A search incident to the arrest revealed a tire iron which had been tucked inside the defendant's trousers and concealed by his T-shirt, and a sharp-pointed folding carpenter's tool which was concealed in his hip pocket.

The tire iron was admitted in evidence over objection. Appellant took the witness stand in his own behalf and denied ever having demanded the money from the clerk or knowledge of its presence in the sack prior to arrest.

Counsel first questions the procedure to be followed when an attorney appointed by the court has determined that the record discloses no basis upon which to predicate error.

In State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), counsel had been appointed pursuant to A.R.S. § 13–161 to handle an appeal. After searching the record he advised this court by written communication that he was unable to discover grounds upon which to base an appeal. The appeal was ordered to be submitted and the record, transcript, instructions, and ruling of the trial court were examined. No reversible error was found and the conviction was affirmed.

The United States Supreme Court in Anders v. State of California, supra, reconsidered the question of the procedure necessary to insure that an indigent receive adequate representation on appeal of a criminal conviction. Petitioner had been convicted of a felony and counsel was appointed to represent him on appeal. After a study of the record and consultation with the petitioner, the appointed counsel concluded that there was no merit to the appeal. Consistent with the procedure in that jurisdiction he so advised the court by letter.

Recognizing that the Sixth Amendment's requirement that "the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence" was made obligatory on the states by the Fourteenth Amendment, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and that the right to counsel included the right of an indigent to the benefit of counsel on appeal, Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the United States Supreme Court held that counsel's bare conclusion, as evidenced by his letter was not enough.

The Court stated:

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, *he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses*; the court—not counsel—then proceeds, after a full examination of all of the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and * * * proceed to a decision on the merits, if state law so requires." (Emphasis added). Anders v. State of California, supra, at 744, 87 S.Ct. at 1400.

To the extent that State v. Burrell, supra, and subsequent authorities are inconsistent with the United States Supreme Court's mandate in Anders v. State of California, supra, these authorities are overruled.

Counsel first suggests that the admission in evidence of a tire iron found on appellant's person is a possible error.

■ The tire iron must be termed one of the circumstances of the act in issue—that being the crime of robbery—because the evidence indicates it was discovered hidden upon the person of the defendant shortly after the robbery had been committed. Although the tire iron was not used, it was clearly relevant and admissible to demonstrate the intention, preparation, and purpose of the defendant in going to the premises. Strickland v. State, 37 Ariz. 368, 294 P. 617 (1930); State v. Folk, 78 Ariz. 205, 277 P.2d 1016 (1954).

Counsel next suggests as error, the refusal of the trial court to instruct the jury on grand theft as a lesser included offense of robbery.

This court has stated:

"* * * instructions on lesser offenses are justified *only when there is evidence* upon which the jury could convict of a lesser offense and, *at the same time*, find that the state had failed to prove an element of the greater crime. (Emphasis added).

\* \* \* \* \* \*

\* \* \* the state of the record must not be such that defendant can only be guilty of the crime charged or not guilty at all." State v. Schroeder, 95 Ariz. 255, 259, 389 P.2d 255, 257 (1964).

■ The mere possibility that the jury may choose to disbelieve a portion of the state's case does not require the court to give instructions concerning a lesser offense where the defense testimony would prove complete innocence. State v. Schroeder, supra.

The defendant testified that he was unaware of the presence of the money in the sack; the evidence offered by the state, if believed by the jury, would prove only the crime of robbery. Submission of a lesser offense to the jury under these

circumstances would be unjustified where the evidence does not support a finding that the defendant is innocent of the higher offense and guilty of the lesser. State v. Musgrove, 2 Ariz.App. 505, 410 P.2d 127 (1966).

As a third source of possible error, counsel suggests that the sentence of five to eight years imprisonment may have been excessive under the circumstances. A.R.S. § 13–1717, subsec. B, states that upon an appeal the court shall have the power to reduce the extent or duration of the punishment, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted.

Robbery is punishable by imprisonment in the state prison for not less than five years, A.R.S. § 13–643.

■ If a sentence is within the limits of the penalty prescribed by appropriate statute, it will not be revised or reduced on appeal unless it clearly appears the sentence is excessive. State v. Fierro, 101 Ariz. 118, 416 P.2d 551 (1966); State v. Vineyard, 96 Ariz. 76, 392 P.2d 30 (1964); State v. Gastelum, 98 Ariz. 292, 404 P.2d 88 (1965).

■ Upon examination of the record and circumstances of this case, it cannot be said that the trial court abused its discretion when it imposed a sentence of from five to eight years imprisonment.

■ The defendant received a copy of counsel's brief with its accompanying affidavit and was informed therefrom of counsel's belief that an appeal would be frivolous. A period in excess of five months has elapsed and defendant has failed to file a brief *in persona*. An exhaustive search of the record has failed to produce any prejudicial error. By filing a motion for permission to withdraw with a supporting affidavit, and by filing a brief of anything which might support the appeal, counsel has substantially complied with

the required procedure. The motion is hereby granted.

The conviction is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., STRUCKMEYER and McFARLAND, JJ., concur.