511 P.2d 194

**STATE of Arizona, Appellee,**

v.

**Alfred Dale DODD, Jr., Appellant.**

**No. I CA–CR 501.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 28, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant; Alfred Dale Dodd, Jr., in pro. per.

DONOFRIO, Presiding Judge.

This is an appeal by defendant Alfred Dale Dodd, Jr. from a judgment of conviction of the crime of burglary, first degree, following a jury trial and a sentence of not less than five nor more than seven years imposed thereon.

A brief consisting of fourteen pages was filed by the Public Defender in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969). This brief chronologically sets forth the proceedings against defendant and gives a resume of the pertinent facts introduced by both sides at the trial. It also raises one arguable question. The Attorney General filed an answering brief re-

sponding to that one question. Copies of the respective briefs were served by mail upon defendant. Defendant personally filed a supplemental brief to the Public Defender's opening brief, to which the Attorney General filed a supplemental brief. Defendant later personally filed an answering brief to the Attorney General's supplemental brief.

We first discuss the one arguable question raised by the opening brief, namely, whether there was prejudicial error in not permitting defendant to answer a question as to whether he was innocent or guilty. The matter arose in the following manner. While the defendant was undergoing his direct examination, his attorney asked him the following question:

"If I was to ask you are you guilty of what you are charged with by the State, what would you respond?"

The prosecutor objected that this was the ultimate decision which the jury was called upon to make. His objection was sustained and the matter ended there. Counsel did not pursue the question, nor did he attempt to rephrase it. We are therefore unable to know exactly what he had in mind in asking the question.

█ At the outset it should be conceded that although the question calls for a conclusion which was within the province of the jury to decide, it nevertheless calls for an admission or denial of fact personally from the defendant and, assuming that this was the purpose intended, it is our opinion that the court would be in error in not permitting the defendant to answer such a question. As we read the question, it has the effect of eliciting from defendant the fact of whether he admits or denies the accusations made against him. It can further be argued that the question also has the effect of eliciting from defendant whether or not he was conscious of committing the acts charged against him. In this respect, it would have been material as he had advanced a defense of being unconscious. The determination of the truth of

his answer would still have been left to the jury. Were the question designed to elicit whether certain facts constituted a crime, it would of course be improper as calling for a legal conclusion. We do not believe such was the intent of the question. Assuming error, it now becomes necessary to determine if the error was prejudicial.

The State argues that in view of the events and circumstances of this case, absolutely no prejudicial or adverse effects have been shown by the court's ruling. We agree.

Defendant was charged with the first degree burglary of the Mary Bethune School in Phoenix. Briefly, the facts are as follows: Answering a radio call, an officer of the Phoenix Police Department, accompanied by an Arizona Highway patrolman, proceeded to the school, arriving at approximately 2:15 a. m. When the two officers got there, they climbed a fence and went to the front door of the building where they noticed that two panes had been knocked out of the window and the front door was standing open. Additional police units arrived. Harvey Miller, the officer from the Police Department, entered the school and discovered another doorway off the entrance corridor which also had a window knocked out. Then the officers entered a second room which was a receptionist's office. They observed that the drawers in the desk had been dumped out and there were money bags and other things lying on the floor. Looking through a third open doorway into an adjoining office, the officers observed that there was a desk upon which various items were strewn. The officers then entered this office and searched it. When they did so, they found the defendant hiding under the principal's desk. Upon examination, it was found that defendant was bleeding from his finger. Officer Miller testified that he observed blood on the papers on the receptionist's chair and on some of the papers on the floor and on the bank money bag. Also the interior door's broken glass had blood spots upon it.

Defendant took the stand and testified that he had gone to a party the afternoon before and that when he left the party he drove away and ran out of gas in the vicinity of Mary Bethune School; that while he was walking down the street a car stopped and one of the men in the car called to him and asked him for some money; that when he replied that he had none, the man in the car got out and hit him. Defendant staggered away and began to run, but soon he could run no more and turned around to fight his pursuers. At this point, two of them attacked him and one of them hit him in the back and another in the jaw. As a result of the blows, he was knocked out and his period of unconsciousness lasted until he woke up in the city jail. Defendant specifically testified that he did not recall entering the school nor breaking any windows nor scattering any papers about the floor.

From the very beginning, it was clear to the jury that defendant denied the charge. The trial started by the court reading the information to the jury and stating to them that defendant had entered a plea of not guilty to this information. Defendant testified at length, advancing an alibi/amnesia type of defense. The very nature of his testimony presupposes a contention of not guilty to the accusation. The fact that he took the stand and testified to being unconscious of the act was in all logic a declaration by him that he was not guilty. Added to this were his repeated answers on cross-examination that he did not recall going to the school, breaking windows, scattering papers or taking off his shoes and leaving them there or ever being in an area which was muddy, a factor involving the shoes, all of which, in effect were statements that he was not guilty. A negative answer to the question posed would have been only cumulative to what defendant had said in so many ways. His affirmative answer would of course have been an admission of guilt. Error, if any, by the trial court was, at most, harmless. Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967).

Defendant in his supplemental brief argues certain phases of the evidence given by Officer Miller regarding the amount of blood coming from defendant's hand and of the failure of the officer to point out a cut or scar on defendant's hand. Defendant also argues that a picture of his finger was shown in evidence and showed blood but no laceration. He further argues that there are certain other contradictions in the testimony of the officer between the preliminary hearing and the trial. We have read the record and are unable to find any prejudicial error in this respect. The discrepancies were brought out by defense counsel for purposes of impeachment, and properly so. The conflict in the testimony was properly a matter for jury determination in considering the witnesses' credibility and the weight to be given to the evidence. Defendant's contentions for reversal are legally erroneous and wholly without merit.

We have read the entire record and briefs and are unable to find any fundamental error.

The judgment and sentence appealed from are affirmed.

OGG and STEVENS, JJ., concur.