539 P.2d 176

**STATE of Arizona, Appellee,**

v.

**Jackie Ray ROBINSON, Appellant.**

**Nos. 1 CA–CR 1097, 1098 and 1099.**

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 21, 1975.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John F. Foreman, Deputy Public Defender, Phoenix, for appellant.

## OPINION

DONOFRIO, Judge.

This appeal involves three consolidated cases. Defendant is represented by the Public Defender who has filed the same opening memorandum in each case in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). In the memorandum counsel is unable to present any arguable question on appeal in any of the cases. He has also filed in each case a motion for leave to allow defendant to file a supplemental memorandum in propria persona if he so desires. This Court granted these motions of the Public Defender and directed him to furnish a copy of his opening memorandum to the defendant, together with a copy of all records on appeal, including transcripts. Defendant was granted through June 10, 1975 to file any supplemental memorandums. He has not filed any supplemental memorandums.

The appeals which were consolidated on motion of appellant are numbered 1 CA–CR 1097, 1 CA–CR 1098 and 1 CA–CR 1099. Respectively, these are appeals from Maricopa County Superior Court Nos. CR–84431, CR–84432 and CR–84421. The sentence in each case was fifteen to twenty-five years, to run concurrently. As required by our order of consolidation, we will consider all the cases under Cause No. 1 CA–CR 1097, and will file a copy of the opinion in each of the other cases.

On January 8, 1975 the trial court called five criminal cases against defendant which were pending before the court, namely Cause Nos. 84421, 84431, 84432, 84390 and 84433. As he went through the first three of these cases (present ones on appeal) with the defendant the trial judge carefully explained to him the details of each charge and ascertained that there was no question but that the defendant desired to enter pleas of guilty to each of the charges and that all of them were pursuant to a plea agreement. The plea agreement called for the dismissal of criminal Cause No. 84390. The record fully supports that defendant knowingly and voluntarily entered each of his pleas of guilty and that he explicitly admitted each of the charges alleged against him in the information, also that he was advised of his constitutional rights and acknowledged that he understood he was waiving all these rights by entering his pleas of guilty.

At this point we would have no difficulty in affirming all the judgments and sentences were it not for the fact that a closer reading of the record in 1 CA–CR 1099 shows that there was a mixup as to the person robbed and means by which the robbery was committed. In substance, defendant was questioned about and admitted allegations in the information which were not supported by the preliminary hearing or the order binding defendant over for trial in that particular case. In other words, appeal 1 CA–CR 1099 involves Superior Court Cause No. 84421, and the information filed therein alleged facts fitting another case which is not any one of the three cases on appeal, and certainly is not the one for which defendant was bound over by the Justice of the Peace.

The following colloquy took place at the time, which shows that defendant is agreeing to the charge that he robbed Charlotte Richey with a gun on September 26, 1974.

"Q With regard to cause number 84421, you are agreeing under the plea agreement to plead guilty to the crime of robbery, a felony. Is that true?

"A Yes.

"Q In the information which has been filed in this cause, it is alleged that on or about September 26, 1974, while armed with a gun or deadly weapon, you robbed Charlotte A. Ritchie (phonetic). Is that true?

"A Yes.

"Q Will you tell us in this regard in your own words just what you did do?

"A I just, me and a friend.

"Q Did you have a gun? Did you put a gun to her and say, 'Turn over your money,' or something?

"A Yes.

"THE COURT: With regard to cause number 84421, does the State have any further inquiries or comments relative to the factual basis issue?

"MR. HUFFMAN: I believe you said that the Defendant intends to plead guilty to the crime of robbery, but it should be 'armed robbery.'

"THE COURT: The information is 'robbery.' Under the plea agreement you understand that you are pleading guilty in the count I have just referenced, 84421, to the crime of armed robbery, a felony?

"THE DEFENDANT: Yes.

"THE COURT: Does the State have any further comments or inquiries relative to the factual basis in this case?

"MR. HUFFMAN: No.

"THE COURT: Mr. Brauer?

"MR. BRAUER: No, Your Honor."

The truth of the matter is that in Cause No. 84421 defendant was charged in the complaint filed before the Justice of the Peace with the crime of robbery of Hazel M. Grieger committed on October 9, 1974. In support of the complaint Mrs. Grieger testified at the preliminary hearing that she was robbed by defendant as she was walking toward Park Central shopping district. The robbery was accomplished by defendant's kicking and struggling with the victim and grabbing her purse. No firearm was involved.

Because of the prosecution's error in filing the incorrect information, and because of the mutual mistake of the trial court, counsel, and the defendant in believing that the information belonged to the case in which he was pleading, we believe there is fundamental error that cannot be waived by the defendant. This is so even though defendant may have admitted the commission of another crime which was not the basis of the case to which he was changing his plea. We therefore reverse the judgment and conviction in 1 CA–CR 1099.

We have carefully reviewed the record as required by A.R.S. § 13–1715 as to appeals 1 CA–CR 1097 and 1 CA–CR 1098 and find no fundamental error. The pleas were knowingly, intelligently and voluntarily entered, and the record shows a factual basis for each plea and that defendant has been properly advised of his rights.

Reversed as to 1 CA–CR 1099 and affirmed as to 1 CA–CR 1097 and 1 CA–CR 1098.

OGG, P. J., and FROEB, J., concur.