NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JAMES BRADFORD DEAN, *Appellant*.

No. 1 CA-CR 15-0384
FILED 1-12-2016

---

Appeal from the Superior Court in Maricopa County
No. CR2014-138333-001
The Honorable Karen A. Mullins, Judge

**AFFIRMED AS CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Consuelo M. Ohanesian
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

**N O R R I S,** Judge:

¶1        James Bradford Dean timely appeals from his conviction and sentence for unlawful flight from a law enforcement vehicle, a class 5 felony.  After searching the record on appeal and finding no arguable question of law that was not frivolous, Dean's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.  This court granted counsel's motion to allow Dean to file a supplemental brief *in propria persona*, but Dean did not do so.  After reviewing the entire record, we find no fundamental error and, therefore, affirm Dean's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND[1]

¶2        On August 9, 2014, police officers received a radio call concerning a red Jeep being driven by Dean.  Two police units in the area — a fully-marked patrol vehicle and a helicopter — responded to the radio call.  The patrol unit — driven by Officers D.Y. and M.F. — spotted the Jeep heading in the opposite direction, made a U-turn behind it, and followed it.  While waiting for a stoplight, Dean turned right and began driving at "a high rate of speed."  Officers D.Y. and M.F. followed.

¶3        After Dean made a second right-hand turn, the patrol unit activated its lights for "four to five seconds" before also activating its sirens for an additional "four to five seconds."  Dean did not slow down or pull over for the officers.  Officer M.F. relayed to the dispatcher and helicopter that Dean was failing to yield, and Sergeant K.V. — the "observer" in the helicopter — noticed Dean was not slowing down or attempting to pull over and told the patrol unit to "back off."

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Dean.  *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

¶4 The helicopter unit followed Dean and advised the patrol unit that Dean had stopped the Jeep at a nearby hotel. Dean jumped out of the Jeep and ran through the courtyard and pool area of the hotel. Officers D.Y. and M.F. arrived at the hotel, ran in opposite directions looking for Dean, eventually found him, and arrested him. After reading Dean his *Miranda* rights, and after Dean acknowledged to Officer M.F. that he understood his rights and agreed to talk to her, Officer M.F. asked him if he knew why he was under arrest. Dean answered, "Yes, because I ran from you." Dean also told Officer M.F. he knew the police were attempting to stop him, and admitted he had seen the lights on the patrol unit and had also seen the police trying to pull him over.

¶5 On the third day of trial, Dean did not return to court after the lunch recess. Dean's attorneys tried calling him numerous times, but were unable to reach him. The court proceeded in Dean's absence. The next day, Dean again did not show up for court and the superior court issued a bench warrant for his arrest. The jury found Dean guilty of unlawful flight from a law enforcement vehicle. *See* Ariz. Rev. Stat. ("A.R.S.") § 28-622.01 (2012).

¶6 Police apprehended Dean on March 23, 2015. The superior court conducted Dean's "priors hearing" and sentencing on May 15, 2015, finding the State had proven beyond a reasonable doubt that Dean had been convicted of six prior felonies, which included four historical prior felony convictions. *See* A.R.S. § 13-105(22)(d) (Supp. 2012). The court then sentenced Dean, as a category three repetitive offender, to a less-than-presumptive term of 4 years' imprisonment with 69 days' presentence incarceration credit. *See* A.R.S. § 13-703(C), (J) (Supp. 2015).[2]

## DISCUSSION

¶7 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Dean received a fair trial. He was represented by counsel at all stages of the proceedings and was present for the beginning of his trial and sentencing.[3]

---

[2]Although the Arizona Legislature amended A.R.S. § 13-703 in 2015, the revisions are immaterial to the resolution of this appeal. Thus, we have cited the current version of this statute.

[3]The superior court found, and the record supports its finding, that Dean waived his right to be present for those portions of the trial he missed. *See* Ariz. R. Crim. P. 9.1 (court may infer voluntary absence

**¶8** The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charges, Dean's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Dean was given an opportunity to speak at sentencing and did so, and his sentence was within the range of acceptable sentences for his offense. We do, however, correct the sentencing minute entry to remove the reference to A.R.S. § 13-604, and insert a reference to A.R.S. § 13-703. The superior court sentenced Dean pursuant to § 13-703, but omitted any mention of the statute from its minute entry and instead referenced A.R.S. § 13-604, an inapplicable statute.

## CONCLUSION

**¶9** We decline to order briefing and affirm Dean's conviction and sentence as corrected.

**¶10** After the filing of this decision, defense counsel's obligations pertaining to Dean's representation in this appeal have ended. Defense counsel need do no more than inform Dean of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶11** Dean has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Dean 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

if defendant had notice of proceeding, right to be present, and warning that proceeding would go forward should he fail to appear).