NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

KRISTIE MARTINEZ, *Appellant*.

No. 1 CA-CR 15-0286
FILED 2-9-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-142164-001
The Honorable Charles Donofrio, III, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Hopkins Law Office, P.C., Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

---

**P O R T L E Y**, Judge:

**¶1**　　　　This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).  Counsel for Defendant Kristie Martinez has advised us that he has searched the entire record, has been unable to discover any arguable questions of law, and has filed a brief requesting us to conduct an *Anders* review of the record.  Ms. Martinez did not take advantage of the opportunity to file a supplemental brief or raise any issues.

### FACTS[1]

**¶2**　　　　Martinez drove her car into another car while it was stopped at a traffic light in the early morning of August 31, 2014.  After the incident, she pulled into a convenience store parking lot, then drove off, but not before her license plate number had been recorded.  The driver of the car she hit followed Martinez, and the passenger called 9-1-1.  The car Martinez was driving eventually stopped, and the police removed her from the car.  Martinez was arrested after refusing to do any field sobriety tests and a preliminary breath test.

**¶3**　　　　After Martinez was taken to the police station, a warrant was secured and her blood was drawn.  The blood was subsequently tested, and found to have a .298 blood-alcohol content.  And her driver's license had been suspended and revoked prior to her arrest.

**¶4**　　　　Martinez was indicted on two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs: one for being impaired, and the other for having a blood-alcohol content above .08.  She opted for trial and the jury found her guilty as

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant."  *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

charged. Martinez then opted to waive her right to have the jury find that she was on probation at the time she committed the new offense, and the trial court found that her waiver was knowing, intelligent and voluntary. She was subsequently sentenced to two concurrent four and one-half year prison sentences and given 241 days of presentence incarceration credit.[2]

¶5        We have jurisdiction over her appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[3]

## DISCUSSION

¶6        We have read and considered the opening brief, and have searched the entire record for reversible error. We find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Martinez was arrested, charged, provided counsel, and the case proceeded to trial. The jury found her guilty beyond a reasonable doubt. She waived her right to a jury trial as to probation status, and was sentenced.

¶7        All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record, as presented, reveals that Martinez was represented by counsel at all stages of the proceedings; a lawyer from the public defender's office initially represented her, but was allowed to withdraw and a lawyer from the office of public defense services represented her. The jury was properly instructed. And, the sentences imposed were within the statutory limits.

¶8        After this decision is filed, counsel's obligation to represent Martinez in this appeal has ended. Counsel must only inform her of the status of the appeal and her future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Martinez may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

---

[2] Martinez had been on probation in Maricopa County Cause No. 2010-139583. Although her conviction automatically resulted in a violation of probation, the court reinstated her on probation on that Class 6 felony case after her release from prison.

[3] We cite the current version of the applicable statutes absent changes material to this decision.

**CONCLUSION**

¶9        Accordingly, we affirm Martinez's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama