NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CRYSTAL CARIMBOCAS, *Appellant.*

No. 1 CA-CR 15-0111
FILED 5-3-2016

Appeal from the Superior Court in Maricopa County
No.  CR2011-006332-002 DT
The Honorable Warren J. Granville, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

**¶1**　　　This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Crystal Carimbocas has advised us that she has been unable to discover any arguable questions of law after searching the entire record, and has filed a brief requesting us to conduct an *Anders* review of the record. Carimbocas did not take the opportunity to file a supplemental brief. We find no reversible error.

## FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**　　　Emergency services responded to a call reporting that a child was not breathing. The child was transported to the hospital, where she was pronounced dead. Subsequent medical exams and an autopsy revealed that the child's death was caused by blunt force trauma of the head and torso. The examinations also revealed that she had experienced severe physical trauma, including multiple external injuries; skull and rib fractures; a fractured pelvic bone; brain trauma; and extensive damage to her internal abdominal organs.

**¶3**　　　One of the decedent's siblings reported that Carimbocas' fiancée had physically abused the child, and Carimbocas and her fiancée were arrested and charged. She was indicted for first degree murder, and two counts of child abuse, all dangerous crimes against children and domestic violence offenses.[2]

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

[2] Carimbocas' case was severed from her fiancée's before trial. Both were tried at the same time, but each with a different jury. *See Hedlund v. Sheldon*, 173 Ariz. 143, 840 P.2d 1008 (1992) (affirming the use of dual jury procedure).

¶4	Carimbocas pled not guilty, and went to trial. During trial, she made an unsuccessful Rule 20 motion, and was convicted on all counts. She was subsequently sentenced to life in prison with the possibility of release after 35 years for first degree murder, 28 years for one child abuse count, and 13 years for the other; all consecutive to each other. She was also given 1351 days of presentence incarceration credit.

¶5	We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[3]

## DISCUSSION

¶6	We have read and considered the opening brief, and have searched the entire record for reversible error. We find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.

¶7	All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record, as presented, reveals that Carimbocas was represented by counsel at all proceedings, from her arraignment through sentencing. The trial court managed the two-jury case with a deft hand to ensure that Carimbocas' jury only heard evidence that was material, and not evidence that only pertained to her co-defendant. The jury was properly instructed at the end of the case. And the sentences imposed were within the statutory limits.

¶8	After this decision is filed, counsel's obligation to represent Carimbocas in this appeal has ended. Counsel must only inform her of the status of the appeal and her future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Carimbocas may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

---

[3] We cite the current version of the statutes unless otherwise noted.

## CONCLUSION

¶9      Accordingly, we affirm Carimbocas' convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama