NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESUS ARNULFO LEYVA-NAFARRATE, *Appellant.*

No. 1 CA-CR 16-0422
FILED 5-2-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-116253-001 DT
The Honorable Peter C. Reinstein, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Hopkins Law Office, P.C., Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

Jesus Arnulfo Leyva-Nafarrate, San Luis
*Appellant*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

**¶1**        Jesus Arnulfo Leyva-Nafarrate ("Appellant") appeals his conviction and sentence for misconduct involving weapons.

**¶2**        Appellant's counsel filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating he searched the record for error but found no arguable question of law.  Appellant's counsel therefore requested we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating this court reviews the entire record for reversible error).  This court allowed Appellant to file a supplemental brief *in propia persona*, and Appellant has done so, raising several issues that we address.

**¶3**        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A) (2010).  Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶4**        In April 2015, a grand jury issued an indictment, charging Appellant with two counts of kidnapping, a class two felony; three counts of aggravated assault, a class three felony; burglary in the first degree, a class three felony; and misconduct involving weapons, a class four felony.  The State later filed an allegation of historical priors, alleging Appellant had three prior felony convictions for enhancement purposes.  The State also filed a notice of aggravating circumstances pursuant to A.R.S. § 13-701 (Supp. 2016) and allegations of offenses committed while released from confinement pursuant to A.R.S. § 13-708(C) (Supp. 2016).

---

[1]        We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

¶5  Before trial, Appellant entered a plea agreement, pleading guilty to one count of kidnapping. As part of the plea agreement, the State dismissed the remaining count of kidnapping, the three counts of aggravated assault, and the count of burglary in the first degree. Appellant went to trial on the remaining count for misconduct involving weapons.

¶6  At trial, the State presented testimony from three police detectives and three forensic scientists. Detective Bryan Whaley testified that on April 9, 2015, another police officer initiated a traffic stop of the vehicle Appellant was driving. Because Appellant did not have valid proof of identification or a valid driver's license, he was arrested at the scene. Pursuant to Phoenix Police Department Procedure, Detective Whaley conducted an inventory search of the vehicle before it was towed. During the search, Detective Whaley noticed the area near the center console that contained the plastic cupholder piece was "really loose." He was able to pick up the plastic cupholder molding and found a loaded handgun in "a void underneath." Detective Whaley confiscated the gun, unloaded it, and it was later impounded as evidence. The forensic scientists called by the State testified that the gun was operational and, of the two fingerprints discovered on the gun, one matched Appellant's.

¶7  After he was arrested, Appellant was transported to the police station, where he was interviewed by Detective Jose Gamez. Detective Gamez testified that Appellant told him he had previously been convicted of felonies on two other occasions. Detective Gamez also stated that Appellant admitted the gun seized from the vehicle was his.

¶8  Detective Pablo Garcia testified that he conducted a records check on Appellant and determined that, due to his prior criminal history, Appellant was not permitted to possess a firearm. Detective Garcia also testified that, when a vehicle is impounded, it is "common" to produce a "tow sheet," but he did not recall seeing one in this case. He also stated that, unless a vehicle is going to be impounded as evidence, it will be taken to a private impound lot, and "nobody follows it" there. But, Detective Garcia confirmed that, in this case, Appellant's car was towed away from the scene.

¶9  After the State rested, defense counsel made a motion pursuant to Rule 20 of the Arizona Rules of Criminal Procedure, which the court denied. The defense called no witnesses, and the jury found Appellant guilty as charged of misconduct involving weapons.

¶10 The trial court found Appellant had three prior convictions for enhancement purposes and sentenced him to terms of 15.75 years' imprisonment for kidnapping, the count for which Appellant had accepted the plea deal, and 2.5 years' imprisonment for misconduct involving weapons, with the sentences to run concurrently. The court granted Appellant 431 days of presentence incarceration credit. Appellant filed a timely notice of appeal.

## ANALYSIS

### I. Towing of Appellant's Vehicle

¶11 Appellant argues that Detectives Whaley and Garcia falsely testified at trial when they stated Appellant's vehicle was towed after the inventory search. According to Appellant, the vehicle was never actually towed from the scene, making the inventory search pretextual and therefore unconstitutional. Because Appellant raises this argument for the first time on appeal, we review for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005).

¶12 "Inventory searches are a well-defined community caretaking exception to the probable cause and warrant requirements of the Fourth Amendment." *State v. Organ*, 225 Ariz. 43, 48, 234 P.3d 611, 616 (App. 2010). An inventory search is valid if (1) law enforcement officials have lawful possession of the vehicle and (2) the inventory search is "conducted in good faith and not used as a subterfuge for a warrantless search." *Id.*

¶13 Here, the inventory search of Appellant's vehicle was valid. The officers took lawful possession of Appellant's vehicle because Appellant did not produce a valid driver's license. *See* A.R.S. § 28-3511(A)(1)(b) (Supp. 2016) (stating that an officer "shall cause the removal and either immobilization or impoundment of a vehicle if the [officer] determines that . . . [the driver] has not ever been issued a valid driver['s] license or permit by this state and the person does not produce evidence of ever having a valid driver['s] license or permit issued by another jurisdiction"). Although Appellant contends the inventory search was not conducted in good faith because the vehicle was never actually towed, he offers no evidence to support his assertion other than the detectives' testimony that they never saw a tow sheet and did not follow the vehicle to the impound lot. However, the record in this matter contains sufficient evidence for a jury to determine the car was ultimately towed. Although Detective Whaley stated he did not recall seeing a tow sheet in this case, he confirmed the vehicle "was towed." Additionally, Detective Garcia

4

testified that the decision to tow the vehicle was made by Sergeant James Rush, and, according to Sergeant Rush's police report, the vehicle was towed away from the scene.

**¶14** Further, nothing in the record indicates the inventory search was not conducted in good faith. Detective Whaley testified that inventory searches are conducted to "look[] for items of value that would be in the vehicle" and when defense counsel asked Detective Whaley if he was looking for "evidence of a crime," Detective Whaley stated, "No."

**¶15** Accordingly, we find no error, much less fundamental error.

  *II.*  *Other Issues*

**¶16** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdict. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶17** After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶18** Appellant's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA