NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN EUGENE VANESIAN, *Appellant.*

No. 1 CA-CR 16-0919
FILED 2-1-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-122248-001 DT
The Honorable David V. Seyer, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

Steven Eugene Vanesian, San Luis
*Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

**W I N T H R O P**, Presiding Judge:

**¶1**          Steven Eugene Vanesian ("Appellant") appeals his convictions and sentences for possession or use of dangerous drugs and possession of drug paraphernalia. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), stating that he has searched the record on appeal and has found no arguable question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error). This court allowed Appellant to file a supplemental brief *in propria persona*, and Appellant has done so, but declined to raise any issues on appeal.

**¶2**          We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A) (2010). Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY**[1]

**¶3**          On June 26, 2015, a grand jury indicted Appellant on three counts: misconduct involving weapons, a class four felony; possession or use of dangerous drugs, a class four felony; and possession of drug paraphernalia, a class six felony.

**¶4**          Before trial, Appellant moved to sever count one from the remaining counts, and the trial court granted Appellant's motion. After trial on count one, the jury found Appellant not guilty of misconduct involving weapons.

---

[1]      We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

¶5          The State proceeded to trial on counts two and three.  At trial, the State presented the following evidence:  On May 14, 2015, Mesa Police officers stopped Appellant for driving without functioning brake lights.  The officers ran a search on Appellant's license and arrested him for driving with a suspended license.  Following Appellant's arrest, his vehicle was subject to a 30-day impound and the officers accordingly conducted an inventory search of the vehicle.  Upon searching his vehicle, the officers found a metal clipboard which contained some of Appellant's personal documents, such as pawn receipts in his name, and methamphetamine and syringes.  The officers additionally found a spoon with methamphetamine residue.  Appellant admitted to owning the clipboard, but when the officers asked whether the methamphetamine was his, Appellant said he did not know anything about the methamphetamine and syringes that were found.

¶6          On cross examination Appellant's counsel elicited testimony from the officers that Appellant did not appear to be under the influence when arrested and that the officers did not conduct any DUI-type testing on Appellant at his arrest.  Appellant did not testify at trial.

¶7          The jury found Appellant guilty as charged of possession of drug paraphernalia and possession or use of dangerous drugs.  The State alleged one historical prior for misconduct involving weapons, a class four felony, as an aggravating factor at sentencing.  The trial court subsequently found, based on Appellant's admission, that Appellant had been convicted of one prior felony.  In his defense, Appellant presented numerous letters of support from family and friends.  The court considered the aggravating and mitigating factors and heard from both parties before sentencing Appellant to three years' imprisonment for his possession or use of dangerous drugs conviction and one year imprisonment for his possession of drug paraphernalia conviction.  Appellant's sentences are to be served concurrently and the court credited Appellant for 48 days of presentence incarceration credit on each count.

¶8          Appellant filed an untimely notice of appeal on September 6, 2016, which was dismissed.  Appellant then filed a subsequent notice of appeal, which we accepted.

**ANALYSIS**

¶9          We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30.  The evidence presented at trial was substantial and supports the verdicts.  Appellant was represented by counsel at all stages of the proceedings.  The

proceedings were conducted in compliance with Appellant's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶10        After the filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶11        Appellant's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA