NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JUSTIN MORGAN NEVELL, *Appellant.*

No. 1 CA-CR 18-0002
FILED 7-26-18

Appeal from the Superior Court in Maricopa County
No. CR2014-131120-001 DT
The Honorable Ronda R. Fisk, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Michael J. Brown joined.

---

**T H O M P S O N**, Judge:

**¶1** This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297. Counsel for Justin Morgan Nevell (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the record. Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so.

**¶2** Defendant was on probation. He committed a new offense and the state filed a petition to revoke defendant's probation. After a jury convicted defendant of threatening or intimidating in CR2016-139209-001, the trial court found that he had violated his probation in this matter. The court suspended the imposition of sentencing and reinstated defendant on supervised probation for a term of three years.

**¶3** We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶4　　　　We affirm the imposition of probation.

