NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BENNY ORTEGA, *Appellant.*

No. 1 CA-CR 18-0119
FILED 10-30-2018

Appeal from the Superior Court in Maricopa County
No.  CR2017-129987-001
The Honorable James R. Rummage, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

Benny Ortega, San Luis
*Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge David D. Weinzweig joined.

---

**J O H N S E N**, Judge:

**¶1**          Benny Ortega timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction of possession of a dangerous drug, a Class 4 felony.  Ortega's counsel has searched the record on appeal but found no arguable question of law that is not frivolous, and asks this court to search the record for fundamental error.  *See Smith v. Robbins*, 528 U.S. 259, 284 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537 (App. 1999).  Ortega has filed a supplemental brief, which we address below.  After reviewing the entire record, we affirm Ortega's conviction and sentence.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          Phoenix police officers came upon Ortega as he was walking alone on the sidewalk during the early morning hours.[1]  When the officers shined a spotlight on Ortega, they saw him throw a crumpled piece of paper over a nearby fence.  They stopped Ortega and retrieved the crumpled paper, which contained a white crystal-like substance that lab personnel later identified as methamphetamine.

**¶3**          The State charged Ortega with one count of possession of a dangerous drug.  *See* Ariz. Rev. Stat. ("A.R.S.") § 13-3407(A)(1) (2018).[2]  An eight-person jury found him guilty.  After finding that Ortega had five historical prior felony convictions, the superior court sentenced him as a category-three repetitive offender to a mitigated term of six years'

---

[1]          Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Ortega.  *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

[2]          Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

imprisonment, with two days' presentence incarceration credit. *See* A.R.S. § 13-703(C), (J) (2018).[3]

**¶4** Ortega timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033(A)(1) (2018).

## DISCUSSION

### A. Due Process Review.

**¶5** The record reflects Ortega received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members. The court properly instructed the jury on the elements of the charges, the State's burden of proof, the presumption of innocence and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a legal sentence for the crime of which Ortega was convicted.

### B. The Supplemental Brief.

**¶6** Ortega filed a motion in limine seeking to preclude statements he made to police that he had used methamphetamine earlier on the day of his arrest. The court granted the motion and precluded the State from offering Ortega's statements in its case-in-chief, but ruled the State could offer the statements if Ortega put his knowledge of methamphetamine at issue. In his supplemental brief, Ortega seems to challenge the superior court's ruling on this matter, but does not explain the basis for his challenge. We see no issue with the superior court's ruling. *Cf. State v. Torres*, 162 Ariz. 70, 72-73 (App. 1989) (court erred by admitting defendant's prior drug use because there was "simply nothing in the case" that brought "into play any issue of motive, knowledge, intent, absence of mistake, or accident"). In any event, Ortega did not testify at trial, and the State did not offer his statements in evidence.

**¶7** Ortega also contends "the state's prosecutor abdicated her role by shifting the burden of proof to the defense [sic] version of events," but

---

[3] The superior court mistakenly cited A.R.S. § 13-702 (2018) instead of § 13-703 in the sentencing order.

STATE v. ORTEGA
Decision of the Court

does not cite any record support for that assertion. The record does not support Ortega's contention. The prosecutor did not impermissibly comment on Ortega's silence, nor did the prosecutor vouch for the evidence or express any personal belief in Ortega's guilt. Ortega's supplemental brief also refers to jury instructions but does not challenge any particular instruction. We have reviewed all the instructions the superior court gave the jury, and have identified no error. Finally, Ortega mentions an alibi, but he did not offer an alibi at trial.

**CONCLUSION**

**¶8**         We have reviewed the entire record for reversible error and find none, and therefore affirm Ortega's conviction and resulting sentence. *See Leon*, 104 Ariz. at 300.

**¶9**         Defense counsel's obligations pertaining to Ortega's representation in this appeal have ended. Counsel need do no more than inform Ortega of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Ortega has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review. On the court's own motion, Ortega has 30 days to proceed, if he wishes, with a *pro per* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA