NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERIC WARREN SANDERS, *Appellant*.

No. 1 CA-CR 18-0073
FILED 1-29-2019

Appeal from the Superior Court in Maricopa County
No. CR 2016-002901-001
The Honorable Lauren R. Guyton, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos D. Carrion
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1          Eric Sanders timely appeals from his convictions and sentences for seven counts of taking the identity of another, each a class four felony, and seven counts of theft of a credit card, each a class five felony. After searching the record on appeal and finding no arguable question of law that was not frivolous, Sanders' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. This court granted counsel's motion to allow Sanders to file a pro per supplemental brief, but Sanders did not do so. After reviewing the entire record, we find no reversible error and, therefore, affirm Sanders' convictions and sentences.

## BACKGROUND[1]

¶2          In June 2015, Postal Inspector Palmeri received a report that residential mailboxes at a Tempe apartment complex had been broken into. As part of his investigation, Palmeri searched the post office fraud database system to ascertain if there were any complaints associated with that address. Palmeri found an online complaint submitted by Barclaycard associated with the address of the compromised mailboxes. Palmeri contacted Barclaycard to inquire about the facts underlying the complaint. He learned that a resident of the apartment complex ordered a Barclaycard credit card online but did not receive it in the mail. The resident contacted Barclaycard and discovered unauthorized fraudulent transactions on his credit card, leading to Barclaycard filing the online complaint with the post office. Barclaycard provided Palmeri a list of the unauthorized transactions.

¶3          Included among the unauthorized transactions were 14 transactions from a Safeway store located in Tempe, Arizona that spanned

---

[1]      We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Sanders. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

a seven-day period. Palmeri requested information from Safeway regarding the unauthorized transactions on the resident's credit card. Using the store number where the card was used, the credit card number, and the date, time, and dollar amounts of the transactions, a Safeway employee provided Palmeri with video surveillance and still images from the store and the log for those transactions. The employee also provided documents showing that the Safeway loyalty club card that was used in conjunction with the stolen credit card was registered to Sanders. The video surveillance showed Sanders making purchases with the stolen credit card and exiting the store with bags of groceries.

¶4 Sanders was charged with seven counts of taking the identity of another and seven counts of theft of a credit card. Sanders was out of custody on his own recognizance and failed to appear at the final trial management conference. The court issued a bench warrant for his arrest. Sanders also failed to appear for trial. His counsel informed the court that he had not responded to her calls and she did not know where he was. The court noted that at the comprehensive pretrial conference, Sanders was informed by the judge that if he failed to appear, the trial could proceed in his absence. The court found that Sanders voluntarily absented himself and proceeded with the trial in his absence. The jury unanimously found Sanders guilty on all 14 counts. The state alleged three aggravating circumstances. The jury found only one aggravating circumstance beyond a reasonable doubt for all 14 counts: that Sanders committed the offenses as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

¶5 Sanders was arrested in Mississippi on November 22, 2017 and appeared for sentencing on January 24, 2018. The prosecution and defense agreed that Sanders would be sentenced as a Category 2 repetitive offender, based on the multiple dates of offenses for counts 5 through 14. Sanders received the presumptive sentence for each count, to be served concurrently: 2.5 years for counts 1 and 3; 1.5 years for counts 2 and 4; 4.5 years for counts 5, 7, 9, 11, and 13; and 2.25 years for counts 6, 8, 10, 12, and 14. The court awarded 63 days of presentence incarceration credit.[2]

---

[2] Sanders should have received only 62 days of presentence incarceration credit. The superior court's error is in Sanders' favor and is, therefore, not fundamental because it did not prejudice him. *See State v. Escalante*, 245 Ariz. 135, 141, ¶ 21 (2018) (explaining that fundamental error is error that prejudices the defendant and goes to the foundation of the case,

## DISCUSSION

¶6        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. We conclude the court did not err by trying Sanders in absentia. Under Arizona Rule of Criminal Procedure 9.1, "a defendant may waive the right to be present at any proceeding other than sentencing by voluntarily absenting himself or herself from it," and "[t]he court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, the right to be present at it, and a warning that the proceeding would go forward in his or her absence should he or she fail to appear." Ariz. R. Crim. P. (2017). Sanders' final release order, signed by him, stated that if he failed to appear, proceedings could go forward in his absence. Additionally, at the comprehensive pretrial conference, the judge informed Sanders that if he failed to appear for trial, the State had the option of proceeding with the trial without him being present. Sanders received a fair trial. He was represented by counsel at all stages of the proceedings.

¶7        The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charges, Sanders' presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The court also instructed the jury not to consider Sanders' absence from the trial. The superior court received and considered a presentence report, Sanders was given an opportunity to speak at sentencing, and his sentences were within the range of acceptable sentences for his offense.

## CONCLUSION

¶8        We affirm Sanders' convictions and sentences. Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Sanders of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz.

---

takes away a right essential to a defense, or is so egregious that the person cannot possibly have received a fair trial).

582, 584-85 (1984). Sanders has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA