NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND
MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PAUL LEWIS SUMMERS, *Appellant.*

No. 1 CA-CR 15-0653
FILED 9-8-2016

Appeal from the Superior Court in Maricopa County
No. CR2015-109833-001 DT
The Honorable Jose S. Padilla, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry Reid
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1**        Paul Lewis Summers ("Appellant") appeals his convictions and sentences for two counts of armed robbery, two counts of aggravated assault, and two counts of assault.  Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating he has searched the record for error but failed to identify any arguable question of law that is not frivolous.  Appellant's counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court allowed Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

**¶2**        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1]  Finding no reversible error, we affirm as corrected herein.

### FACTS AND PROCEDURAL HISTORY[2]

**¶3**        On March 10, 2015, a grand jury issued an indictment charging Appellant with Count I, armed robbery, a class two dangerous felony; Count II, aggravated assault, a class three dangerous felony; Count III, armed robbery, a class two dangerous felony; Count IV, aggravated assault, a class three dangerous felony; Count V, assault, a class one

---

[1]    We cite the current version of all applicable statutes because no revisions material to this decision have occurred since the date of the offenses.

[2]    We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

misdemeanor; and Count VI, assault, a class two misdemeanor. *See* A.R.S. §§ 13-1904, -1203, -1204.

¶4        At trial, the State presented the following evidence:  On February 28, 2015, Appellant entered a 99 Cents Only store carrying a backpack.  Loss prevention officers, one in uniform and two in plainclothes, observed Appellant place batteries, flashlights, and glue in his pockets.  The officers also observed Appellant purchase some items, but saw him leave the store without paying for the items in his pockets.

¶5        One of the plainclothes officers approached Appellant outside the store, identified himself as part of loss prevention, and asked to speak with Appellant about items in his pocket.  The other plainclothes officer went outside and identified himself as a loss prevention officer. Appellant and the two plainclothes officers went back inside the store.

¶6        While the plainclothes officers were walking Appellant toward the back of the store, Appellant pulled out a "brass knuckles taser" and tased one of the officers.  Appellant then ran toward the store exit, and knocked over an elderly couple.  The husband fell into a shelf before hitting the ground, and hit his leg and head.

¶7        All three loss prevention officers pursued Appellant as he ran from the store.  The three officers were able to subdue Appellant after a few minutes of struggling in the parking lot.  Appellant tased two of the three officers during the struggle.  After the officers subdued Appellant and removed the taser from Appellant's hand, one of the officers handcuffed him.  Two of the officers brought Appellant inside the store, while the remaining officer recovered the stolen items.  The store manager determined the value of the stolen items was $10.83.

¶8        The jury found Appellant guilty as charged of two counts of armed robbery, two counts of aggravated assault, and two counts of assault. The jury found the offenses in Counts I and II involved the discharge, use, or threatened exhibition of a dangerous instrument, and the infliction or threatened infliction of serious physical injury.  The jury also found the offenses in Counts III and IV involved the discharge, use, or threatened exhibition of a dangerous instrument; the infliction or threatened infliction of serious physical injury; and physical, emotional, or financial harm to the victim.

¶9 After finding that Appellant had two or more historical prior felony convictions,[3] the court sentenced Appellant to concurrent, presumptive terms of 15.75 years' imprisonment for Counts I and III, and 11.25 years' imprisonment for Counts II and IV, with credit for 194 days of presentence incarceration applied to each count. The court also sentenced Appellant to 180 days in jail for Count V and 120 days in jail for Count VI, with credit for 194 days of presentence incarceration applied to each count. Appellant filed a timely notice of appeal.

## ANALYSIS

¶10 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdicts. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶11 After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

---

[3] The trial court's October 8, 2015 amended sentencing minute entry indicates the specific prior felony convictions proven by the State. Number four, trafficking in stolen property, is listed as case number CR2002-001833-001. The correct case number is CR2002-001883-001. Pursuant to A.R.S. § 13-4036, we correct the October 8, 2015 minute entry, to reflect that the correct case number for the fourth prior felony conviction of trafficking in stolen property is CR2002-001883-001.

## CONCLUSION

**¶12** Appellant's convictions and sentences are affirmed. The trial court's October 8, 2015 amended sentencing minute entry is corrected to reflect that the fourth prior felony conviction proven by the State, trafficking in stolen property, is CR2002-001883-001.

