NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PRIMO AKUAR AKUAR, *Appellant.*

No. 1 CA-CR 17-0276
No. 1 CA-CR 17-0282
(Consolidated)
FILED 4-10-2018

Appeal from the Superior Court in Maricopa County
Nos. CR2015-149260-001
CR2016-139752-001
The Honorable George H. Foster, Jr., Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Edward F. McGee
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Peter B. Swann and Judge James P. Beene joined.

---

**T H O M P S O N,** Presiding Judge:

¶1          This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Primo Akuar Akuar (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the record. Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2          Defendant was convicted in 2015 of one count of unlawful discharge of a firearm, a class 6 non-dangerous felony. Imposition of defendant's sentence was suspended, and the court placed him on probation for a term of three years to begin on December 2, 2015.

¶3          On August 20, 2016, a security guard at a Glendale apartment complex received reports from several residents of an unruly tenant. The security guard responded to defendant's apartment to investigate the reports, where he observed a strong odor of alcohol on defendant. During this encounter, the security guard described defendant as appearing upset, yelling, slurring his speech, while proceeding to spit at the guard when asked to calm down.

¶4          Upon the security guard's request for assistance, three officers in uniform responded to the balcony outside of defendant's third-floor apartment where officers observed defendant leaning over the balcony yelling slurred profanities "very loudly" over and over. According to one officer's testimony, the echoing profanities caused many tenants to gather in the apartment complex's courtyard. Two officers detained defendant and escorted him down the three flights of stairs to the patrol car. Upon reaching the bottom of the stairwell, both officers testified that defendant kicked backwards with his right foot, striking one officer either on the shin or "across both thighs just below [the] groin."

¶5          The two officers further testified that defendant, once led to the patrol car and in between yelling profanities, spit towards the officer holding his left arm, narrowly missing the officer's face and "misting" him with spittle. The spitting continued, forcing the officers to lower defendant to the ground where he was laid upon his stomach. Officers then obtained a spit hood and placed it over defendant's head. An audio recorder in one of the officer's pocket recorded a majority of this encounter.

¶6          Based on this incident, the state filed a petition to revoke probation. The state then charged defendant with: (1) one count of aggravated assault of a peace officer, to wit, kick(s), a non-dangerous class 5 felony; (2) one count of aggravated assault of a peace officer, to wit, spit to the face, a non-dangerous class 5 felony; and (3) one count of disorderly conduct, a class 1 misdemeanor. A jury convicted defendant of counts two and three, and found defendant not guilty as to count one. The state alleged aggravating circumstances, including conviction of a prior felony within ten years immediately preceding the date of the offense, and that defendant was on probation when the current offense was committed. A jury found the state proved both aggravating circumstances as to count two.

¶7          The trial court sentenced defendant to the presumptive term of 2.25 years imprisonment as to count two and gave him 227 days of presentence incarceration credit. With respect to count three, the trial court sentenced him to one day imprisonment, with credit for one day time served. The trial court did not revoke defendant's probation, but found him in violation of his probation conditions. The trial court reinstated defendant's probation for two years to begin upon his release from imprisonment on the current charge.

¶8          In his brief, defense counsel raises a potential claim of ineffective assistance of counsel. Counsel may not raise such a claim in an *Anders* appeal. *See State v. Chavez*, 243 Ariz. 313, 318, ¶ 21, n.7 (App. 2017).

¶9          We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶10　　　　　We affirm the convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:　AA