NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

LESTER RAYMOND GALLAGHER, *Appellant.*

No. 1 CA-CR 17-0546
FILED 6-14-2018

---

Appeal from the Superior Court in Maricopa County
No. CR2016-127225-001
The Honorable Alfred M. Fenzel, Judge, *Retired*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

### MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

**J O H N S E N,** Judge:

¶1         Lester Raymond Gallagher timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction of ten counts of sexual exploitation of a minor, all Class 2 felonies.  Gallagher's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Gallagher was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm Gallagher's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

¶2         Police received a tip from a cloud-based data storage service that potentially illegal content had been uploaded from Gallagher's phone number.[1]  After vetting the accuracy of the tip, police obtained a search warrant for Gallagher's home, where they found numerous digital media devices in Gallagher's bedroom and office, including hard drives, thumb drives and CDs.  Many of the devices contained digital images depicting children being sexually exploited.  One of the CDs that contained sexually exploitive images of children also contained videos of Gallagher.  Shortcut files on a hard drive in a computer found in Gallagher's home indicated that child-pornography images likely had been opened on that computer.  The same computer also contained Gallagher's personal and business documents.

¶3         Gallagher was charged with ten counts of sexual exploitation of a minor, based on ten images depicting children under the age of 13 engaged in sex acts with adults found on devices in Gallagher's home,

---

[1]         Upon review, we view the evidence in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Gallagher. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

including on the computer that contained personal and business documents and shortcut files indicating those ten files had been opened. After a five-day trial, the jury convicted Gallagher of all ten counts. The superior court sentenced Gallagher to the statutory minimum of ten years on each charge, all to be served consecutively, with 436 days' pre-sentence incarceration credit.

¶4  Gallagher timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033 (2018).[2]

**DISCUSSION**

¶5  The record reflects Gallagher received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings. The court did not conduct a voluntariness hearing; however, the record did not suggest a question about the voluntariness of Gallagher's statements to police. *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

¶6  The superior court did not err in admitting evidence that Gallagher possessed other un-charged images that appeared to depict children being sexually exploited. The court correctly ruled that evidence of the other images was admissible under Arizona Rule of Evidence 404(c) to show Gallagher's aberrant sexual propensity to commit the charged offenses, and the court made appropriate findings required by Rule 404(c), which are supported by the record. Although the court arguably erred in concluding that the evidence also was admissible under Rule 404(b) and as intrinsic evidence, *see State v. Ferrero*, 229 Ariz. 239 (2012) (intrinsic); *State v. Coghill*, 216 Ariz. 578 (App. 2007) (Rule 404(b)), because the evidence was admissible under Rule 404(c), any error caused Gallagher no prejudice.

¶7  The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of 12 members. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report,

---

[2]  Absent material revision after the date of an alleged offense, we cite a statute's current version.

addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Gallagher was convicted.

**CONCLUSION**

**¶8**        We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

**¶9**        Defense counsel's obligations pertaining to Gallagher's representation in this appeal have ended. Counsel need do no more than inform Gallagher of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Gallagher has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Gallagher has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.

