NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

NOEL FLORES,
*Appellant*.

No. 1 CA-CR 19-0685
FILED 3-2-2021

Appeal from the Superior Court in Maricopa County
No.  CR2018-159003-001
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

**¶1**         Noel Flores appeals his convictions and sentences for seven counts of armed robbery and seven counts of aggravated assault. After searching the record and finding no arguable, non-frivolous question of law, Flores's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Flores had the opportunity to file a supplemental brief but did not. We affirm Flores's convictions and sentences after reviewing the record.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Flores was arrested in December 2018 for committing five armed robberies between March 2017 and October 2018, including robberies of Cricket Wireless (March 2017), Metro PCS (April 2017), Metro PCS (May 2017), Dollar General (September 2018), and Home Depot (October 2018). A grand jury then indicted Flores on twelve counts of armed robbery, A.R.S. § 13-1904, ten counts of aggravated assault, A.R.S. § 13-1204, and nine counts of kidnapping, A.R.S. § 13-1304. The court later dismissed two counts of aggravated assault, three counts of armed robbery and all kidnapping charges, with prejudice.

**¶3**         Flores was tried before a twelve-member jury. The State called 13 witness, including 8 victims, 4 investigating officers, and 1 latent print analyst. Flores presented no witnesses in his defense. The jury convicted Flores of 7 Armed Robbery counts (class 2 dangerous felonies) and 7 Aggravated Assault counts (class 3 dangerous felonies). The jury also found aggravating factors, including that (1) all 7 Armed Robbery counts were committed for pecuniary gain, (2) Flores had an accomplice for 1 Armed Robbery count, and (3) all 14 counts were dangerous.

**¶4**         Flores was sentenced to concurrent prison terms of 10.5 years, 10.5 years, 12.5 years, 12.5 years, 17 years, 17 years, and 17 years for Armed Robbery, and 7.5 years, 7.5 years, 9.5 years, 9.5 years, 12.5 years, 12.5 years,

and 12.5 years for Aggravated Assault. He was given 366 days of presentence incarceration credit. Flores timely appealed.

## DISCUSSION

**¶5** We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

**¶6** Flores was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Flores all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdicts. Flores's sentences fall within the range prescribed by law, with sufficient credit given for presentence incarceration.

## CONCLUSION

**¶7** Flores's convictions and sentences are affirmed. Counsel's obligations in this appeal will end once Flores is informed of the outcome and his future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Flores has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

3