NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

BRADLEY SCOTT THOMASON,
*Appellant*.

No. 1 CA-CR 21-0089
FILED 3-8-2022

Petition for Special Action from the Superior Court in Maricopa County
No. CR2019-127123-001
The Honorable Michael C. Blair, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Paul J. McMurdie joined.

_____

**W E I N Z W E I G**, Judge:

**¶1**         Bradley Scott Thomason appeals his convictions and sentences for disorderly conduct and resisting arrest. Counsel for Thomason filed a brief stating "there are no non-frivolous issues to raise on direct appeal." Citing *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), counsel asks this court to review the record for fundamental error. Thomason had the chance to file a supplemental brief but did not. After reviewing the record, we find no fundamental error and thus affirm Thomason's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         In May 2019, Thomason went to a Motor Vehicle Department facility to contest the suspension of his license. Thomason spoke with a customer service representative at a kiosk in the lobby. He insisted his license was not suspended. The representative disagreed. Thomason became irate and began yelling profanities at the representative.

**¶3**         A police officer for the Arizona Department of Transportation heard the commotion and responded to the lobby, where he and another officer witnessed Thomason yelling profanities at the representative. Both officers, wearing duty belts and uniforms bearing badges and nametags, approached Thomason. One officer asked Thomason what was happening. Thomason answered with profanity and called the officers "rent-a-cops." The officers asked Thomason to accompany them outside. He refused. One officer grabbed Thomason by his right arm and escorted him outside.

**¶4**         Once outside, the officer released Thomason, who threw his belongings to the ground, including a backpack, paperwork and bike seat. Although ordered to stand back, Thomason then walked toward the officer, who pushed Thomason back. Thomason grabbed his bike seat and assumed an "aggressive stance." The officer twice ordered Thomason to drop the bike seat. He refused.

¶5 The officers seized Thomason by the arm and said he was under arrest. Thomason resisted, flailing his arms. To gain control, an officer performed a foot sweep, which caused all three of them to fall to the ground. For several minutes, the officers struggled to control and handcuff Thomason. With his stomach on the ground, Thomason ignored the officers' orders to place his hands behind his back and instead thrashed around, kicking his legs and wedging his hands beneath his stomach. After more officers arrived, Thomason was handcuffed.

¶6 The State charged Thomason with resisting arrest and disorderly conduct. Thomason pled not guilty on both charges and waived his right to a jury trial. Thomason and three police officers testified at a two-day bench trial. Thomason blamed the officers for escalating the conflict. The court convicted Thomason on both charges. It sentenced Thomason to one year of supervised probation on both charges, to be served concurrently. Thomason timely appealed. We have jurisdiction. *See* Ariz. Const., art. 6, sec. 9; A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶7 We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. Thomason was present at all stages of the proceeding and represented by counsel at all critical stages. The record reflects that the superior court afforded Thomason all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was enough to support the court's verdict. Thomason's sentence falls within the range prescribed by law.

**CONCLUSION**

**¶8** We affirm Thomason's conviction and sentence. Counsel's obligations in this appeal will end once Thomason is informed of the outcome and his future options, unless counsel detects an issue appropriate for the Arizona Supreme Court's review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Thomason has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA