NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANTHONY MARCUS LESTER, *Appellant*.

No. 1 CA-CR 22-0253
FILED 12-20-2022

Appeal from the Superior Court in Yavapai County
No. V1300CR202080248
No. V1300CR202180267
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Brian Y. Furuya and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

¶1        Anthony Marcus Lester appeals his convictions of one count of possession of dangerous drugs for sale, three counts of possession of drug paraphernalia, four counts of sale or transportation of dangerous drugs, and the resulting sentences. Lester's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Lester was allowed to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Lester's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2        On March 17, 2020, Lester sold 2.57 grams of methamphetamine to a confidential reliable informant under the supervision of Partners Against Narcotics Trafficking ("PANT"). The next day, Lester sold another 3.35 grams of methamphetamine to the same informant at the same location.

¶3        On April 07, 2020, Lester was involved in a traffic stop. Police searched his vehicle and found three packages of methamphetamine weighing about seven grams, along with syringes, beakers, and other drug paraphernalia. Lester was arrested and interviewed by PANT officers and admitted to using and selling methamphetamine. On May 11, Lester posted a bond.

¶4        On April 14, 2021, Lester sold about three grams of methamphetamine to another informant. Two weeks later, Lester sold another 7.9 grams of methamphetamine to that informant.

¶5        Lester's cases were consolidated for trial. Before the trial, the court dismissed Count Five from cause number V1300CR202080248.

Counts One and Four from cause number V1300CR202180267 were also dismissed.

¶6        The first informant did not testify at trial, but redacted recordings of his meetings were admitted into evidence and played for the jury. The lead detective from PANT testified to confirm the recordings. The second informant testified at trial, confirming his contract with PANT and that he participated in control buys from Lester. A forensic scientist from the controlled substances unit of the Department of Public Safety crime lab testified that she tested six items and found methamphetamine. Lester did not testify.

¶7        The jury convicted Lester for one count of possessing dangerous drugs for sale, three counts of possessing drug paraphernalia, and three counts of selling or transporting dangerous drugs. The jury found Lester committed two counts while on felony release and two other counts while on felony release and for pecuniary gain. The court found Lester was a category three repeat offender because of prior felony convictions. The court also found a previous methamphetamine conviction from August 2011, increasing the sentencing range for the class two convictions.

¶8        The court sentenced Lester in cause number V1300CR202080248: ten years flat time on Count One (possession of dangerous drugs for sale—methamphetamine), three years on Count Two (possession of drug paraphernalia—methamphetamine), ten years flat time on Count Three (sale or transportation of dangerous drugs—methamphetamine), and ten years flat time on Count Four (sale or transportation of dangerous drugs—methamphetamine). The court ordered each sentence to run concurrently with the others, and Lester was granted 358 days of pretrial credit.

¶9        The court also sentenced Lester in cause number V1300CR202180267: twelve years on Count Two (sale or transportation of dangerous drugs—methamphetamine), five years on Count Three (possession of drug paraphernalia—methamphetamine), twelve years on Count Five (sale or transportation of dangerous drugs—methamphetamine), and five years on Count Six (possession of drug paraphernalia—methamphetamine related). The court ordered each sentence for this cause number to run concurrently with the others but consecutively to the sentences from cause number V1300CR202080248.

¶10        Lester appealed.

## DISCUSSION

¶11      We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶12      Lester was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Lester all his constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Lester's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶13      Lester's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations about Lester's representation in this appeal will end after informing Lester of the outcome of this appeal and his future options unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:    AA