NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHNNY L. TILLMAN, *Appellant.*

No. 1 CA-CR 23-0261
FILED 2-15-2024

Appeal from the Superior Court in Maricopa County
No.  CR2019-143646-001
The Honorable Tracy R. Nadzieja, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Michael S. Catlett joined.

---

**C R U Z**, Judge:

¶1 This appeal was filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Appellant Johnny L. Tillman appeals his convictions and sentences for two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, class 4 felonies, and one count of possession or use of a narcotic drug, a class 4 felony. Counsel for Tillman has advised this court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Tillman has been afforded an opportunity to file a supplemental brief *in propria persona*, and has not done so. After reviewing the record, we affirm Tillman's convictions and sentences.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 We view the evidence in the light most favorable to sustaining the verdict, resolving all reasonable inferences against Tillman. *See State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997). In September 2019, Sergeant Joshua McDonnell observed Tillman driving a Ford Taurus in Phoenix without the lights on. Sergeant McDonnell pulled Tillman over and observed that he had slurred speech and bloodshot eyes. Sergeant McDonnell asked Tillman to exit the vehicle, and when he did so, he had a tobacco bag in his hand. Sergeant McDonnell conducted a horizontal gaze nystagmus test and observed that Tillman had six out of six possible cues. Sergeant McDonnell conducted two additional field sobriety tests, which Tillman performed poorly. Sergeant McDonnell arrested Tillman and gave him breath tests which indicated Tillman's blood alcohol content was .184 at 3:45 a.m. and .179 six minutes later. Tillman had been driving on a suspended license. The tobacco bag contained a useable quantity of cocaine.

¶3          The State charged Tillman with two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, class 4 felonies, one count of possession or use of a narcotic drug, a class 4 felony, and one count of possession or use of marijuana, a class 6 felony. Before trial, the State moved to dismiss the marijuana charge, and the superior court did so. After a jury trial, the jury convicted Tillman of counts 1-3.

¶4          The superior court sentenced Tillman as a category three repetitive offender to less than minimum terms of 7.5 years in prison, to be served concurrently, and gave him credit for 244 days of presentence incarceration. *See* Arizona Revised Statutes ("A.R.S.") section 13-703(J).

¶5          Tillman timely appealed. We have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and A.R.S. §§ 12-120.21(A), 13-4031, and -4033(A)(1).

## DISCUSSION

¶6          We review Tillman's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Tillman has advised this court that after a diligent search of the record counsel has found no arguable question of law.

¶7          We have read and considered counsel's brief and have fully reviewed the record for reversible error and find none. *See Leon*, 104 Ariz. at 300. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Sufficient evidence supported the jury's verdict, and Tillman was present and represented by counsel at all critical proceedings. The sentence imposed was within the statutory guidelines. Accordingly, we affirm Tillman's convictions and sentences.

¶8          Upon the filing of this decision, defense counsel shall inform Tillman of the status of the appeal and his future options. Counsel has no further obligations, unless upon review counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Tillman will have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶9      For the foregoing reasons, we affirm Tillman's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:   AA