NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARTINEZ SANCHEZ, *Appellant.*

No. 1 CA-CR 23-0256
FILED 3-14-2024

Appeal from the Superior Court in Maricopa County
No. CR2022-1251315-001
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Michael J. Dew Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge James B. Morse Jr. joined.

---

**C A T L E T T**, Judge:

**¶1**        Martinez Sanchez ("Sanchez") appeals his conviction for aggravated assault with a dangerous weapon.  Counsel for Sanchez filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after diligently searching the record, counsel found no arguable question of law that was not frivolous.  Sanchez was permitted to file a supplemental brief but did not do so.  Counsel asks this court to search the record for arguable issues.  *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999).  After independently reviewing the record, we affirm the conviction and sentence.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        Early on the morning of July 6, 2022, Justin Gill ("Gill") was working with two others on an HVAC system at a church.  Hours later, Sanchez arrived to assist.  Upon arrival, Sanchez and Gill started arguing and cursing at each other in a threatening manner.  Gill testified that Sanchez escalated the situation when Sanchez made physical contact and began to shove him.  Sanchez denied grabbing or pulling Gill and testified that Gill confronted and charged at him.  Eventually, Sanchez began swinging a knife at Gill.  The knife struck Gill and he quickly retreated after a coworker broke up the fight.  Sanchez threw the knife in some bushes and took off in his truck.

**¶3**        Gill called the police after the incident and an officer arrested Sanchez at a separate location.  An officer observed that the knife pierced Gill's shirt and scraped the right side of his abdomen.  The State charged Sanchez with aggravated assault with a dangerous weapon, a class 3 felony.  *See* A.R.S. § 13-1204(A)(2).  Sanchez pled not guilty and claimed self-defense.

**¶4**        The jury found Sanchez guilty on a single felony charge of assault with a dangerous weapon.  The jury also found the existence of an aggravating factor—the offense involved the use of a deadly weapon or

dangerous instrument (the knife) during the crime. The court sentenced Sanchez to a minimum term of five years in prison, with presentence credit of 32 days served, along with fines and surcharges.

**¶5**     Sanchez timely appealed. We have jurisdiction under A.R.S. §§ 13-4031 and 13-4033(A)(1).

## DISCUSSION

**¶6**     We have read and considered counsel's brief and have independently reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶7**     Sanchez was present and represented by counsel at all critical stages of the proceedings against him. The record reflects the superior court afforded Sanchez his constitutional and statutory rights and conducted the proceedings consistent with the Arizona Rules of Criminal Procedure. The evidence presented at trial was sufficient to support the jury's verdict and the court's sentence. The sentence falls within the range prescribed by law, with proper credit given for presentence incarceration. *See* A.R.S. § 13-704(A).

## CONCLUSION

**¶8**     We affirm Sanchez's conviction and sentence. With the filing of this decision, defense counsel's obligation to represent Sanchez in this appeal will end after informing Sanchez of the outcome and his future options, unless counsel's review reveals an issue appropriate for a petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:   AA