NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JEFFREY RICHARD THOMPSON, *Appellant.*

No. 1 CA-CR 23-0285
FILED 4-25-2024

Appeal from the Superior Court in Yavapai County
No.  P1300CR202200718
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Michael J. Dew, Phoenix
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

**C R U Z**, Judge:

¶1   This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Jeffrey Richard Thompson has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error.  Thompson was convicted of aggravated harassment (domestic violence offense), a class 6 felony.  Thompson was given an opportunity to file a supplemental brief in propria persona; he has not done so.  After reviewing the record, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2   Thompson and L.C. were engaged to be married when they ended their relationship in April 2022.  Following the separation, L.C. sought an order of protection against Thompson but it was not initially served.  On May 21, 2022, Thompson went to L.C.'s house to talk to her. L.C. called the police.  When the police arrived they took Thompson into custody for an unrelated outstanding warrant.  While arresting Thompson, the police officer served Thompson with the order of protection.

¶3   After the order of protection was served, Thompson continued to send text messages, emails, calls, and voicemails from various phone numbers, applications, and email addresses to L.C.  All the messages Thompson sent discussed his desire to reunite with L.C.  L.C. notified the police of Thompson's continued contact.  On June 1, 2022, Thompson was arrested for violating the order of protection.

¶4   At trial, L.C. testified she felt fearful and did not feel safe with Thompson continuing to message her.  Thompson testified that he "didn't know that I wasn't supposed to text. I thought I just couldn't go to [L.C.'s] house."  Thompson also testified, "I just knew that they were going to take me to jail because I texted [L.C.] . . . ."  After the close of the prosecution's evidence, Thompson moved for a Rule 20 acquittal, which the court denied. Following the conclusion of evidence, the jury found Thompson guilty of aggravated harassment (domestic violence offense).  The jury also found that L.C. suffered emotional harm to be an aggravating circumstance.

¶5   The trial court conducted the sentencing hearing in compliance with Thompson's constitutional rights and Arizona Rule of Criminal Procedure 26.  Thompson was sentenced to 14 days incarceration and 3 years of supervised probation, with 2 days of presentence incarceration credit.  The court imposed a $20 time payment fee, $750 fine,

$20 probation assessment, $13 crime penalty assessment, $2 victims' right enforcement assessment, $9 victims' right fund assessment, and $100 domestic violence assessment.

**¶6** Thompson timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶7** We review Thompson's conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Thompson has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Thompson at all stages of the proceedings, and the sentence imposed was within the statutory guidelines. We decline to order further briefing and affirm Thompson's conviction and sentence.

**¶8** Upon the filing of this decision, defense counsel shall inform Thompson of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Thompson shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

**¶9** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA