NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DONALD JOHN CRACK, *Appellant.*

No. 1 CA-CR 23-0517

FILED 10-10-2024

Appeal from the Superior Court in Maricopa County
No. CR2022-133619-001
The Honorable Michael S. Mandell, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Susser Law Firm, PLLC, Chandler
By Adam Susser
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Andrew M. Jacobs joined.

**C R U Z**, Judge:

¶1        This appeal was filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969).  Appellant Donald John Crack appeals his convictions and sentences for one count of attempted aggravated assault, a class 6 felony, one count of resisting arrest, a class 6 felony, and one count of disorderly conduct, a class 1 misdemeanor.  Counsel for Crack has advised this court that counsel found no arguable questions of law and asks us to search the record for fundamental error.  Crack has been afforded an opportunity to file a supplemental brief *in propria persona* and has not done so.  After reviewing the record, we affirm Crack's convictions and sentences.

### FACTUAL AND PROCEDURAL HISTORY

¶2        We view the evidence in the light most favorable to sustaining the verdict, resolving all reasonable inferences against Crack.  *See State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997).  One evening in September 2022, N.K. heard loud noises that sounded like breaking glass coming from his neighbor B.N.'s apartment.  B.N. was Crack's mother and he was visiting her that night.  N.K. left his apartment and saw B.N. outside.  She was upset and told N.K. to call the police.  Mesa police arrived shortly thereafter, after 9-1-1 operators received "an unknown trouble call with sounds of breaking glass and someone yelling in the background."

¶3        When the officers arrived, B.N. was extremely distraught.  She told them that she had glass on the bottom of her feet from glass Crack had broken inside the apartment.  The police asked Crack to come outside multiple times, but he refused to do so.  Four officers then entered the apartment and tried to place Crack in handcuffs.  Crack refused to comply with police commands that he get on the ground and put his hands behind his back.  It took all four officers to restrain Crack and handcuff him as he actively struggled and "pull[ed] away keeping his arms engaged as well as his fists."  The officers struck Crack below the neck multiple times to subdue him.  After he was handcuffed, Crack attempted to spit in Officer

Klepp's face, but Officer Klepp grabbed Crack's head and deflected the saliva to the ground. Crack continued to spit at Officer Klepp, even after another officer placed a spit mask on him.

¶4 A grand jury indicted Crack for one count of attempted aggravated assault, a class 6 felony (Officer Klepp), one count of resisting arrest, a class 6 felony, and one count of disorderly conduct, a class 1 misdemeanor. Crack represented himself at trial with the assistance of advisory counsel after the superior court found he knowingly, intelligently, and voluntarily waived his right to representation. At the close of the State's case, Crack moved for judgment of acquittal under Arizona Rule of Criminal Procedure 20. The superior court denied the motion. The jury convicted Crack as charged.

¶5 The superior court sentenced Crack as a category three repetitive offender to presumptive terms of 3.75 years in prison for counts 1 and 2, to be served concurrently, and gave him credit for 149 days of presentence incarceration. *See* Ariz. Rev. Stat. ("A.R.S.") section 13-703(J). The court sentenced Crack to 120 days in jail, time served, for count 3.

¶6 Crack appealed after the superior court granted his request to file a delayed notice of appeal. We have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and A.R.S. §§ 12-120.21(A), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶7 We review Crack's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Crack has advised this court that after a diligent search of the record counsel has found no arguable question of law.

¶8 We have read and considered counsel's brief and have fully reviewed the record for reversible error and find none. *See Leon*, 104 Ariz. at 300. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Sufficient evidence supported the jury's verdict, and the sentences imposed were within the statutory guidelines. Accordingly, we affirm Crack's convictions and sentences.

¶9 Upon the filing of this decision, defense counsel shall inform Crack of the status of the appeal and his future options. Counsel has no further obligations, unless upon review counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Crack will have thirty days

from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

¶10      For the foregoing reasons, we affirm Crack's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV