NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GLEN JOSE HEDGECOCK, *Appellant.*

No. 1 CA-CR 24-0116

FILED 12-12-2024

Appeal from the Superior Court in Yavapai County
No. P1300CR202201497
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Zickerman Law Office PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Jennifer M. Perkins and Vice Chief Judge Randall M. Howe joined.

_____

**C A T L E T T**, Judge:

**¶1**        Glen Jose Hedgecock ("Hedgecock") appeals his conviction and sentence for theft of means of transportation.  Counsel for Hedgecock filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after diligently searching the record, counsel found no arguable question of law that was not frivolous.  Hedgecock was permitted to file a supplemental brief but did not do so.  *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999).  Counsel asks this court to search the record for arguable issues.  *See Penson v. Ohio*, 488 U.S. 75, 79 (1988); *Clark*, 196 Ariz. at 537 ¶ 30.  After independently reviewing the record, we affirm Hedgecock's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

**¶2**        On November 30, 2022, Arizona Department of Public Safety troopers received an alert on their in-car license plate reader that a stolen vehicle had passed.  The troopers followed the vehicle into a parking lot.  Hedgecock, the driver, exited and walked away from the vehicle while looking down at his phone.  The troopers arrested Hedgecock and, after advising him of his *Miranda* rights, asked how he came into possession of the vehicle.  Hedgecock stated he picked the vehicle up earlier that day from someone named Jessica.  When further questioned, Hedgecock stated someone named Ericka gave him the vehicle.  Neither name matched that of the vehicle's owner.  Hedgecock did not provide contact information for either person or the location where he was given the vehicle.

**¶3**        The State charged Hedgecock with theft of means of transportation, a class 3 felony. *See* A.R.S. § 13-1814(A)(5). The State alleged Hedgecock had prior convictions and committed the offense while on probation.   The State also alleged two additional aggravating circumstances—that Hedgecock committed the offense as consideration for the receipt or expectation of pecuniary value and that the victim suffered financial harm.

¶4        After a three-day trial, a jury found Hedgecock guilty of theft of means of transportation. The jury also found that Hedgecock committed the offense while on parole and that the State proved both aggravating factors. The court held a bench trial on Hedgecock's alleged prior convictions and found Hedgecock had three prior felony convictions, making him a category three repetitive offender for sentencing purposes. *See* A.R.S. §§ 13-703(C), (J). As a result of his prior convictions and the aggravating factors, the court sentenced Hedgecock to 13 years in prison, with 439 days of credit for presentence incarceration credit.

¶5        Hedgecock timely appealed. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1), 13-4031, 13-4033(A)(1).

## DISCUSSION

¶6        We have read and considered counsel's brief and have independently reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶7        Hedgecock was present and represented by counsel at all critical stages of the proceedings against him. The record reflects the superior court afforded Hedgecock his constitutional and statutory rights and conducted the proceedings consistent with the Arizona Rules of Criminal Procedure. The evidence presented at trial was sufficient to support the jury's verdict and the court's sentence. The sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶8        We affirm Hedgecock's conviction and sentence. With the filing of this decision, defense counsel's obligation to represent Hedgecock in this appeal will end after informing Hedgecock of the outcome and his future options, unless counsel's review reveals an issue appropriate for a petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

